# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RODNEY LEIBERT,<br><br>            Plaintiff,<br><br>vs.<br><br>HARTFORD INSURANCE COMPANY OF THE MIDWEST,<br><br>            Defendant. | 8:12CV349<br><br>**FINDINGS AND RECOMMENDATION** |

This matter is before the undersigned magistrate judge *sua sponte*. On April 9, 2013, the undersigned magistrate judge entered an order requiring the plaintiff to show cause why his action against the defendant should not be dismissed pursuant to NECivR 41.2. **See** Filing No. 3. The plaintiff did not file a response. For the reasons set forth below, the undersigned magistrate judge will recommend the plaintiff's Complaint as against the defendant be dismissed without prejudice.

## BACKGROUND

In this case the complaint was filed on October 2, 2012. **See** Filing No. 1. The plaintiff has initiated no other action in this matter. There is no evidence in the record the plaintiff sought a summons or served process. The deadline for service of process expired on or about January 30, 2013. The defendant has not made an appearance or filed an answer. The plaintiff has initiated no other action in this matter. On April 9, 2013, the undersigned magistrate judge entered an order requiring the plaintiff to show cause why his action against the defendant should not be dismissed pursuant to NECivR 41.2. **See** Filing No. 3. The court gave the plaintiff until May 1, 2013, to proceed against the defendant or show cause why the action should not be dismissed for failure to prosecute. As of the date of this Findings and Recommendation, the plaintiff has not filed a response to the show cause order or evidence of service on the defendant.

## ANALYSIS

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

**See** Fed. R. Civ. P. 4(m). The Eighth Circuit has long held dismissal for failure to prosecute is well within the court's discretion. **See** *Roberts v. Missouri Div. Of Employment*, 636 F.2d 249, 250 (8th Cir. 1980). Dismissal without prejudice is appropriate when service of the summons and complaint has not been made upon the defendant within 120 days after filing of the complaint. **See** Fed. R. Civ. P. 4(m); *Bullock v. United States*, 160 F.3d 441, 442 (8th Cir. 1998) (per curiam) (affirming district court's dismissal without prejudice under Rule 4(m)); **see also** *Carmona v. Ross*, 376 F.3d 829, 830 (8th Cir. 2004) (dismissal affirmed where plaintiff given opportunity, failed to cure defect).

In this case, the plaintiff failed to proceed against the defendant by service of the summons or any other action. The plaintiff failed to provide the court with any explanation for the failure to proceed. The plaintiff has not complied with the court's order to show cause why the action should not be dismissed against the defendant. The plaintiff has acted in a manner that interferes with the orderly processes of this court. The undersigned magistrate judge finds the plaintiff's failure to prosecute his action interferes with the orderly administration of justice. Upon consideration,

**IT IS RECOMMENDED TO JUDGE JOSEPH F. BATAILLON that:**

The plaintiff's Complaint (Filing No. 1) be dismissed as to the defendant, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m) and NECivR 41.2.

## ADMONITION

Pursuant to NECivR 72.2 any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with

a copy of this Findings and Recommendation.  Failure to timely object may constitute a waiver of any objection.  The brief in support of any objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

    Dated this 14th day of May, 2013.

                                    BY THE COURT:

                                    s/ Thomas D. Thalken
                                   United States Magistrate Judge